Filed 3/29/23  P. v. Avila CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ISABEL AVILA,<br><br>  Defendant and Appellant. | C093992<br><br>(Super. Ct. No. 62151717)<br><br>ORDER DENYING PETITION FOR REHEARING AND MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

  It is ordered that the nonpublished opinion filed herein on February 27, 2023, be modified as follows:

1. At page 2, modify the second paragraph that begins with "We will affirm" so that it reads in its entirety:

1

We will affirm the trial court's order denying defendant's request for diversion but vacate the sentence and remand for resentencing consistent with this opinion.

2. At page 15, the disposition is modified so that it reads in its entirety:

The trial court's order denying defendant's postconviction request for diversion is affirmed. The sentence is vacated, and the cause is remanded to the superior court to resentence defendant consistent with this opinion. At the conclusion of resentencing, the court shall order the preparation of an abstract of judgment and shall forward the abstract to the Department of Corrections and Rehabilitation.

There is no change in the judgment. The petition for rehearing is denied.

/S/

_____

MAURO, Acting P. J.

/S/

_____

DUARTE, J.

/S/

_____

RENNER, J.

Filed 2/27/23  P. v. Avila CA3 (unmodified opinion)
Opinion following rehearing

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C093992 |
| Plaintiff and Respondent, | (Super. Ct. No. 62151717) |
| v. | OPINION ON REHEARING |
| ISABEL AVILA, | |
| Defendant and Appellant. | |

This appeal arises from the trial court's denial of defendant Isabel Avila's Penal Code section 1001.36 postconviction request for mental health diversion.[1]  Appointed counsel for defendant previously filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We previously filed an opinion dismissing the appeal.

---

[1]  Further undesignated statutory references are to the Penal Code.

1

After we issued our opinion, defendant filed a petition for rehearing asking this court to reconsider the appeal in light of her attempt to file a supplemental brief under an incorrect case number. We granted rehearing, vacated our earlier opinion, and obtained further briefing from the parties. Subsequently, defendant's counsel filed a motion to strike the *Wende* brief and simultaneously filed an opening brief. We granted the motion. Defendant now contends: (1) the trial court abused its discretion in finding defendant ineligible for mental health diversion; (2) the matter should be remanded for resentencing based on recent amendments to section 654; and (3) the matter should be remanded for resentencing under newly-amended section 1170, subdivision (b)(6). Defendant's counsel then filed a motion for supplemental briefing regarding the impact of Senate Bill No. 1223 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 735, § 1; Senate Bill 1223), signed into law on September 29, 2022, on defendant's mental health diversion claim. We granted the motion.

We will affirm the trial court's order denying defendant's request for diversion but remand for resentencing consistent with section 1170, subdivision (b) and section 654.

## I. BACKGROUND

On September 22, 2017, the district attorney filed an information charging defendant in count one with attempted murder (§§ 664/187, subd. (a)), in count two with corporal injury to a cohabitant (§ 273.5, subd. (a)), and in count three with assault with a deadly weapon (§ 245, subd. (a)(1)). It was further alleged that count one was willful, deliberate, and premeditated (§ 189). As to counts one and two, it was alleged that defendant personally inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)) and that defendant personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)).

Following a trial, the jury found defendant guilty on all counts and found all allegations true. On May 1, 2018, the trial court sentenced defendant to a total of seven

2

years to life in state prison plus eight years as follows:  seven years to life for count one, plus four years for the great bodily injury enhancement, one year for the weapons-use enhancement, and three consecutive years for count three.  For count two, defendant was sentenced to three years, plus four years for the great bodily injury enhancement, and one year for the weapons-use enhancement, which were all stayed pursuant to section 654.

We quote from our unpublished opinion upholding defendant's conviction in her first appeal:  "Defendant . . . stabbed her live-in boyfriend [M.] as he lay sleeping.  She then turned the knife on her boyfriend's twin brother [P.]."  (*People v. Avila* (Jun. 25, 2020, C087087) [nonpub. opn.] (*Avila*).)  The evidence adduced at trial showed that defendant lived with M. and P., and on the day of the attack, M. had told P. that he was going to end the relationship with defendant.  (*Ibid.*)  Defendant and M. then argued: defendant told M. to " 'find another girlfriend,' " and M. told defendant to consider looking for another place to live.  (*Ibid.*)  Immediately prior to the attack, defendant "exchanged a series of text messages with her ex-husband and daughter."  (*Ibid*.)  "First, she texted to her ex-husband, E., stating:  'The legal war ha[s] begun.'  When asked to explain, she elaborated:  'Between both dickheads, one dickhead told me to get the fuck out.'  Next, she texted her daughter, stating:  'One dickhead, [M.], told me to get the fuck out.'  Then, she sent another message to E., stating:  'I told them fuck off.'  [¶]  A short time later, M. was awakened by a 'thump.'  He opened his eyes and saw defendant on top of him, making a stabbing motion with her arm.  She was saying, 'You're not getting me out of here easy' or 'I'm not leaving out of here easy.'  M. realized he was bleeding.  He managed to get out of bed and make his way to the kitchen.  [¶]  P., still in his room, heard a high-pitched sound, followed by the sound of M. calling his name.  P. emerged from his room in time to see M. staggering towards the kitchen island and bleeding profusely.  M. told P., 'She killed me. I'm dead.'  M. then collapsed onto the floor and lost consciousness.  [¶]  P. knelt on the floor, trying to render aid to his wounded brother.

3

He heard defendant saying, ' "You can't get rid of me.  You can't kick me out.  I have rights." '  He turned and saw defendant advancing towards him with a large kitchen knife clenched in her upraised right fist. P. grabbed the knife from defendant and ran next door to summon help." (*Ibid.*, fn. omitted.)

After defendant was convicted, section 1001.36 became effective, which created a pretrial diversion program for certain defendants with mental disorders.  (Stats. 2018, ch. 34, § 24.)  Following defendant's appeal, this court conditionally reversed the judgment and remanded for the trial court to hold a diversion eligibility hearing under section 1001.36.  (*Avila, supra*, C087087.)  In all other aspects, this court affirmed the judgment. (*Ibid*.)

On remand, the trial court conducted an eligibility hearing pursuant to defendant's section 1001.36 motion and reviewed briefs from the parties.  In a written decision, the trial court determined mental health diversion was not warranted, denied defendant's motion, and reinstated her convictions, holding that no further sentencing proceedings were required.  The court considered the full record, including the testimony and evidence offered at trial, and concluded that while defendant suffered from several qualifying mental disorders, there was an insufficient showing that the mental disorders substantially contributed to the commission of the offense.  The court also considered testimony and a report from a forensic psychologist, who opined that defendant's mental disorders did contribute to the offense; but the court found that the opinion was conclusory and did not take into account critical information and evidence presented at trial, instead relying on defendant's account of the events at face value.

The trial court reasoned that defendant's "conduct was borne primarily of her anger and her own simmering belief that she was being forced out of the house," which was evidenced by text messages she sent minutes before the attack.  The court alternatively reasoned:  "[T]o the extent the court maintains discretion to deny diversion

4

if all criteria are satisfied, this court would deny diversion based on a consideration of all of the circumstances of the case." The court reasoned: "The circumstances include that the attack on [M.] was callous, brutal and violent—carried out while he was particularly vulnerable as he slept. Even after [defendant] tried to kill [M.] by stabbing him repeatedly, she cursed at him as he lay bleeding on the floor, as heard on the 911 call. She continues to advance her claims that she acted in self-defense when she stabbed [M.] and that she did not assault [P.], claims that were unanimously rejected by the jury in this case. Thus, she continues to lack credibility and to take accountability for her actions. Having considered all of the circumstances of the case, the court would exercise its discretion and judgment by denying diversion even if defendant had managed to satisfy all of the statutory criteria in section 1001.36, which she has not."

Defendant timely appealed. Thereafter, defense counsel filed a brief under the authority of *Wende, supra*, 25 Cal.3d 426. After we issued our opinion dismissing the appeal, defense counsel filed a petition for rehearing, contending that defendant attempted to file a supplemental brief in the matter under an incorrect case number. We granted the petition, vacated our opinion, and ordered supplemental briefing to allow defendant the opportunity to file her supplemental brief. As discussed above, we later granted defendant's counsel's motion to strike the *Wende* brief and file an opening brief as well as supplemental briefing on the impact of new legislation.

## II. DISCUSSION

### A. *Mental Health Diversion*

Defendant contends that the trial court abused its discretion in denying her request for mental health diversion under section 1001.36. Specifically, she argues the trial court erred in concluding that her crime was not sufficiently connected to her mental disorder under the second criterion of diversion and that the circumstances of the case made it

5

unsuitable for diversion.  In supplemental briefing, she argues that the recent amendments to section 1001.36 require remand.  We disagree.

Section 1001.36 authorizes a trial court to grant pretrial diversion, a postponement of prosecution to allow the defendant to undergo mental health treatment, if the defendant meets specified requirements.  (§ 1001.36, subds. (a), (b), & (c), amended by Senate Bill 1223, effective Jan. 1, 2023; *People v. Frahs* (2020) 9 Cal.5th 618, 626-627 (*Frahs*).)  A defendant may be eligible for pretrial diversion pursuant to section 1001.36 if the defendant has not been charged with a disqualifying offense and the trial court finds: "(1) the defendant suffers from a qualifying mental disorder; (2) the disorder played a significant role in the commission of the charged offense; (3) the defendant's symptoms will respond to mental health treatment; (4) the defendant consents to diversion and waives his or her speedy trial right; (5) the defendant agrees to comply with treatment; and (6) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community." (*Frahs, supra*, at p. 626-627.)  "If the defendant makes a prima facie showing that he or she meets all of the threshold eligibility requirements and the defendant and the offense are suitable for diversion, and the trial court is satisfied that the recommended program of mental health treatment will meet the specialized mental health treatment needs of the defendant, then the court may grant pretrial diversion." (*Id.* at p. 627; see § 1001.36, subds. (a), (b)(3), & (c)(1).)

While this appeal was pending, the governor signed Senate Bill 1223, amending section 1001.36.  The amendment provides that if a mental health expert diagnosed the defendant with a mental disorder, then the defendant's mental disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence to the contrary.  (Stats. 2022, ch. 735, § 1.)  As amended, subdivision (a) of section 1001.36 provides that a trial court may, in its discretion, grant pretrial diversion "if the defendant satisfies the eligibility requirements for pretrial diversion set forth in subdivision (b),"

6

and the court finds "that the defendant is suitable for that diversion under the factors set forth in subdivision (c)." (Stats. 2022, ch. 735, § 1.) Subdivision (b)(1) requires a defendant to have been diagnosed with a qualifying "mental disorder within the last five years by a qualified mental health expert." (Stats. 2022, ch. 735, § 1.) Subdivision (b)(2) requires, in relevant part, that "[t]he defendant's mental disorder was a significant factor in the commission of the charged offense. If the defendant has been diagnosed with a mental disorder, the court shall find that the defendant's mental disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." (Stats. 2022, ch. 735, § 1.) Subdivision (c) provides that, if a defendant satisfies both showings under subdivision (b), the court must consider whether the defendant is suitable for pretrial diversion. A defendant is suitable for pretrial diversion if all of the following criteria are met: "(1) In the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder, causing, contributing to, or motivating the criminal behavior would respond to mental health treatment[;] [¶] (2) The defendant consents to diversion and waives the defendant's right to a speedy trial . . . [;] [¶] (3) The defendant agrees to comply with treatment as a condition of diversion . . . [;] [¶] [and] (4) The defendant will not pose an unreasonable risk of danger to public safety." (Stats. 2022, ch. 735, § 1.)

Section 1001.36 "applies retroactively to all cases in which the judgment is not yet final." (*People v. Williams* (2021) 63 Cal.App.5th 990, 995, citing *Frahs, supra*, 9 Cal.5th at p. 624.) As the Attorney General concedes, defendant's case is not final as of January 1, 2023, and Senate Bill 1223's amendments to section 1001.36 apply retroactively to her case.

A trial court's ruling on a request for mental health diversion is reviewed for abuse of discretion. (*People v. Williams, supra*, 63 Cal.App.5th at p. 1000; *People v. Moine*

7

(2021) 62 Cal.App.5th 440, 448-449; see *Frahs, supra*, 9 Cal.5th at p. 626 [noting diversion under section 1001.36 is discretionary, not mandatory, even if all the requirements are met].) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

As to defendant's claim that the trial court erred in denying her request for mental health diversion, we disagree. Defendant argues that the court's "main preoccupation was with [her] failure to demonstrate her mental disorder substantially contributed to the offense. Effective January 1, 2023, this language will be completely removed from section 1001.36. Now the court need only find the mental disorder was a 'significant factor' in the charged offense." Here, the court reviewed the entire record and conducted a detailed analysis, concluding that defendant's mental disorders did not substantially contribute to her offenses. Based on its review of the record, the court found that defendant's text messages immediately preceding the offense showed that defendant's mental state at the time of the offense was not impacted by her mental disorders, and thus, that her mental disorders were not a significant factor in the commission of the offenses. As the court discussed at length, the forensic psychologist did not review the evidence presented at trial, including defendant's text messages immediately preceding the offense, and the court reasonably declined to defer to the expert's opinion and found that defendant's mental disorders did not substantially contribute to the offense. While we agree with defendant that the statutory language has meaningfully changed, regardless of whether the trial court's ruling sufficiently outlined "clear and convincing evidence that [defendant's mental disorder] was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense," application of the statute remains discretionary. (§ 1001.36, subd. (b)(2).)

In this case, the trial court made it clear in its alternative reasoning that even if all criteria for mental health diversion were satisfied, it would, in its discretion, still "deny diversion based on a consideration of all of the circumstances of the case." The court then detailed the evidence in the case supporting its decision to not exercise its discretion to grant diversion. Defendant acknowledges the court's alternative reasoning but contends that "the court relied on an improper factor when stating it would exercise its discretion to deny diversion even if all the criteria were met." That factor, she claims, is "[defendant's] credibility as determined by the jury verdict." Defendant relies on a footnote in *People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 892, fn. 11, questioning whether "a trial court may properly consider general sentencing objectives in determining a pretrial mental health diversion motion." The *Qualkinbush* court properly recognized that applying the goals of sentencing to a mental health diversion application is improper; it did not suggest that a trial court may not consider relevant evidence simply because it was introduced at a jury trial. As amended, section 1001.36 permits the trial court to consider any and all relevant evidence, including evidence admitted at trial. (See § 1001.36, subd. (b)(2) ["A court may consider any relevant and credible evidence"].) Thus, nothing prevents the trial court from considering evidence presented at trial and independently assessing its weight. Here, the court did not consider general sentencing objectives but instead noted that it found defendant was not credible based on the evidence in the case: "She continues to advance her claims that she acted in self-defense when she stabbed [M.] and that she did not assault [P.], claims that were unanimously rejected by the jury in this case. Thus, she continues to lack credibility and to take accountability for her actions." Accordingly, we conclude that the court properly exercised its discretion and did not consider improper factors.

We cannot conclude that the court's reasoning was irrational or arbitrary. The court alternatively reasoned that it would decline to exercise its discretion to grant

9

diversion even if defendant met all of the threshold eligibility requirements. As the language of section 1001.36, subdivision (a) states, "the court may, in its discretion, and after considering the positions of the defense and prosecution, grant pretrial diversion." (See *People v. Moine, supra,* 62 Cal.App.5th at p. 448 [observing that "the statutory language itself indicates the trial court has broad discretion to grant or deny diversion"].) Thus, the trial court was not required, even if defendant met all six section 1001.36 criteria, to grant pretrial diversion. Accordingly, the statutory amendments to the criteria do not impact the court's clear exercise of its discretion in this case. We conclude that the court properly exercised its discretion to deny defendant's request for mental health diversion. (See § 1001.36, subd. (b)(1).)

## B.       *Recently Amended Section 654*

Citing amendments to section 654 following the passage of Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1; Assembly Bill 518), defendant asserts that we must remand her case to the trial court for resentencing so the court may exercise its discretion to stay her conviction on count one rather than count two under section 654, as amended. We agree.

"Section 654 precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Hester* (2000) 22 Cal.4th 290, 294.) At the time of sentencing, former section 654, subdivision (a) required that a defendant who committed an act punishable by two or more provisions of law be punished under the provision that provided for the longest possible term. (Stats. 1997, ch. 410, § 1.) Effective January 1, 2022, Assembly Bill 518 amended section 654, subdivision (a) to permit an act or omission punishable under two or more provisions of law to "be punished under either of such provisions." (§ 654, subd. (a); Stats. 2021, ch. 441, § 1.) Thus, under newly-amended section 654, a trial court now has the discretion to punish the defendant under any of the applicable laws.

10

At sentencing, the trial court determined that section 654 applied to this case, finding that defendant had a single criminal objective for the attempted murder of M. and the corporal injury to a cohabitant, the same victim, M. Accordingly, the court imposed the higher term for count one, consisting of an indeterminate term of seven years to life plus a determinate term of five years for the related enhancements. The court imposed and stayed the lesser sentence required for count two, corporal injury to a cohabitant, consisting of a determinate term of three years, plus four years for the great bodily injury enhancement, and one year for the weapons-use enhancement.

The parties agree the discretion newly conferred by Assembly Bill 518 alters the court's options with regard to which of these sentences to stay or execute. In addition, the Attorney General concedes this amendment to section 654 applies retroactively to defendant, as the amendment is ameliorative and the judgment was not final when it became effective. The concession is well taken. (See, e.g., *People v. Mani* (2022) 74 Cal.App.5th 343, 379 [Assembly Bill 518 applies retroactively to all nonfinal judgments]; *People v. Jones* (2022) 79 Cal.App.5th 37, 45 [same].)

Ordinarily, remand is the appropriate course when retroactive changes in law affect the sentencing court's discretion. This is so because " '[d]efendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*), and " 'a court that is unaware of its discretionary authority cannot exercise its informed discretion.' " (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425 (*McDaniels*).) An exception to this requirement exists, however, in the circumstance where "the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Gutierrez, supra*, at p. 1391.) When " ' "the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required." ' " (*McDaniels,*

11

*supra*, at p. 425; see *People v. Flores* (2020) 9 Cal.5th 371, 432 [holding remand to resentence defendant to exercise sentencing discretion conferred by statutory amendment would be an idle act].)

In the Attorney General's view, the record is clear on this issue because the trial court declined to strike the section 12022.7, subdivision (e) enhancement in the interest of justice, pursuant to section 1385, subdivisions (a) and (c)(1), and because of the court's reasoning in selecting the middle term on count two and denying mental health diversion. Defendant responds that the record is not sufficiently clear to preclude remand. We agree that remand for resentencing is required "unless the record shows that the trial court clearly indicated when it originally sentenced the defendant that it would not in any event have [exercised its discretion in a manner favorable to the defendant]." (*McDaniels, supra*, 22 Cal.App.5th at p. 425.) Although the record may suggest it is unlikely the trial court will choose the lesser sentence, it does not clearly show that the court will not. Accordingly, we remand for resentencing and express no opinion as to how the trial court should exercise its discretion.

C.      *Recently Amended Section 1170*

On appeal, defendant contends the legislative changes to section 1170 made by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3; Senate Bill 567) and Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695; Assembly Bill 124) require remand for resentencing.[2] She contends she is entitled to a remand for resentencing on the felony counts under this legislation, which added a presumption for the low term in certain circumstances. We agree.

---

[2] Defendant frames her argument in terms of the changes made by Assembly Bill 124. However, Senate Bill 567 was enacted after Assembly Bill No. 124 and incorporated Assembly Bill 124's amendments to section 1170. (Stats. 2021, ch. 731, § 3, subd. (c).) Senate Bill 567 takes precedence because it was enacted last. (Gov. Code, § 9605.) Thus, we will address defendant's contention as raised under Senate Bill 567.

Section 1170, subdivision (b)(6) provides in relevant part: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

The Attorney General concedes this amendment is retroactive and applies to defendant's nonfinal case pending on appeal. We accept the Attorney General's concession. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.) The Attorney General contends, however, that defendant does not benefit from the amendments to section 1170, subdivision (b).

In support of remand under section 1170, subdivision (b)(6), defendant cites portions of the record indicating that she suffered from anxiety, depression, and post-traumatic stress disorder stemming from kidnapping and abuse. Defendant argues this evidence shows that she is qualified for relief under the statute. The Attorney General again relies on the trial court's decision to decline striking the section 12022.7, subdivision (e) enhancement in the interest of justice, pursuant to section 1385, subdivisions (a) and (c)(1), and the court's reasoning in selecting the middle term on count two and denying mental health diversion.

We conclude that the trial court did not have the benefit of section 1170, subdivision (b)(6) at the time of defendant's sentencing hearing and as such, did not conduct the analysis required of that section. When the trial court imposed sentence, defendant was not entitled to a presumptive lower term upon a showing that mental illness resulted in psychological trauma, which was a "contributing factor in the commission" of her offenses. (§ 1170, subd. (b)(6).) Defendant thus had less incentive

13

to develop a record regarding these issues. While the Attorney General is correct that this question is related to the analysis already undertaken by the court in denying mental health diversion, section 1170, subdivision (b)(6) is distinguishable because it focuses on incidents of trauma rather than a mental health condition and the remedy is vastly different: a reduced sentence as opposed to diversion for mental health treatment. (See *People v. Banner* (2022) 77 Cal.App.5th 226, 242 ["record is likely incomplete relative to statutory factors enacted after judgment [is] pronounced"], citing *Frahs, supra*, 9 Cal.5th at pp. 637-638.) When a sentencing court is unaware of the scope of its discretionary powers, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Gutierrez, supra*, 58 Cal.4th at p. 1391.) The record before us does not make it clear whether the trial court would have imposed the lower term had section 1170, subdivision (b)(6) been in effect at the time. (*People v. Banner, supra*, at p. 242.)

On remand, defendant, as well as the People, will have the opportunity to present additional evidence and information to permit the trial court to make the necessary findings and exercise the discretion afforded by section 1170, subdivision (b).

## III.  DISPOSITION

The trial court's order denying defendant's postconviction request for diversion is affirmed.  The cause is remanded to the superior court to resentence defendant consistent with section 1170, subdivision (b) and section 654.  At the conclusion of resentencing, the court shall order the preparation of an abstract of judgment and shall forward the abstract to the Department of Corrections and Rehabilitation.

/S/

_____

RENNER, J.

We concur:

/S/

_____

MAURO, Acting P. J.

/S/_____

DUARTE, J.

15